UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANN MARIE TOPPIN

      Plaintiff,               **JURY TRIAL**

V.                                  CIVIL ACTION NO

SCOTT F. DIXON

SCOTT F. DIXON, ESQ. P.A.

Defendant.                          AUGUST 12, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA")

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Dundalk, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant Scott F. Dixon and Scott F. Dixon, Esq. P.A. are debt collectors within the FDCPA.

6. Defendant Scott F. Dixon and Scott F. Dixon, Esq. P.A. are collectors within the MCDCA.

7. Defendant Scott F. Dixon is an attorney in the State of Maryland with a place of business at 401 Frederick Rd, Catonsville, MD 21228.

8.  Both Defendants were engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempted to collect consumer debts alleged to be due another in the State of Maryland.

9.  All acts and omissions of Attorney Dixon were within the scope of his employment by Scott F. Dixon, Esq. P.A. or otherwise authorized by the collection law firm.

10. Defendants communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt to Tidewater Finance Company.

11.  Defendants sent Plaintiff a demand letter dated February 12, 2009 attempting to collect $**15,797.17.**  (Attached as Exhibit A).

12.  Defendants filed a law suit on April 13, 2009 attempting to collect an itemized amount of $13,439.37 plus interest of $4,220.24 and attorney fees of $2015.90.  **Total $19, 675.51** (Attached as exhibit B).

13.  Defendants attached an affidavit of his client, Jamie Daniels, paralegal of Tidewater Motor Credit dated February 9, 2009.  (Attached as Exhibit C).

14.  The affidavit of Tidewater Motor credit states that there is justly due and owing by the Defendant in that case (Ann Marie Toppin) to the Plaintiff in that case Tidewater Motor Credit the sum of money set as in the forgoing complaint

and /or in the document/written obligation/itemized statement of account attached hereto amounting to $13,439.37 in principal, $259.02 in late fees and $2,098.78 in accrued interested through today's date of February 9, 2009. **Total $15,797.17**

15.  Defendants attempted to collect two (2) different amounts of debt from the Plaintiff Ann Toppin in violation of §1692e (2)(a).

16. Defendants also attempted to collect by letter dated May 4, 2009 the amount of **$19,745.51** representing the payoff off of the Tidewater account as of July 20, 2009 in violation of S1692e(2)(a).  (Exhibit D)

17.  Defendants misrepresented the actual payoff amount of the debt on the day he was attempting to collect the debt, May 4, 2009.  (Exhibit D)

18.  Defendants by letter dated February 12, 2009 state there is a balance owed of $15,797.17, **due immediately**.  The demand for immediate payment overshadows the 30 day validation of debts clause, in violation of the FDCPA.

19.  Defendants by letter dated February 12, 2009 also misstate the validation of debts clause, in that they required, <u>written notice</u> of dispute within 30 days after Plaintiff Ann M. Toppin received exhibit A, which violates the FDCPA and cases in line with *Camacho v. Bridgeport Financial, Inc. (9th Cir. 2008).*

20.  Defendants by letter dated February 12, 2009 (Last Paragraph) imply the consumer debtor has absolutely no rights or defense against the threatened suit, in fact the letter states "*suit will be filed against you and judgment entered for the balance due.*"  The demand letter implies that any attempt to defend will be futile and misrepresents the judicial process in violation of the FDCPA.

21. In the collection efforts, Defendants violated the FDCPA, inter alia, section 1692e, -f, and -g.

SECOND COUNT

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

23. Within three years prior to the date of this action Defendants have engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff such damages as are permitted by law including $1,000 statutory damages.

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

                THE PLAINTIFF

                BY_____
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com